2013-CI-20129
285TH JUDICIAL DISTRICT COURT
CYNTHIA HEINSOHN VS CARABIN & SHAW PC
DATE FILED: 12/11/2013

| | | |
|---|---|---|
| CYNTHIA HEINSOHN, *Plaintiff* | § | _____ DISTRICT COURT |
| v. | § | BEXAR COUNTY |
| CARABIN & SHAW, P.C., *Defendant* | § | STATE OF TEXAS |

PLAINTIFF'S ORIGINALPETITION

Plaintiff, Cynthia Heinsohn, submits this, her Original Petition, and shows as follows:

I.

Discovery

1. Discovery is to be governed by Rule 190, Level Two, of the Texas Rules of Civil Procedure.

II.

Parties

2. Plaintiff is a female and citizen of the state of Texas who resided in Bexar County, Texas at all times pertinent to this lawsuit. Plaintiff was an employee as defined in the Texas Commission on Human Rights Act (TCHRA) at all times relevant to this action.

3. Defendant is a for-profit professional corporation licensed to do business in the State of Texas. Defendant may be served with process by serving its agent for service of process: James M. Shaw, Carabin & Shaw, P.C., 630 Broadway, San Antonio, Texas 78215.

III.

Jurisdiction and Venue

4. Venue is proper in Bexar County pursuant to Tex.Civ.Pra. & Rem. Code §15.002, because all of the events giving rise to the claims occurred in Bexar County, and because Defendant has its principal place of business in Bexar County, Texas.

IV.

Procedural History

5. Plaintiff Heinsohn timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission and requested the right-to-sue notice from the Texas Workforce Commission. The Plaintiff has, therefore, satisfied all requirements for her claims and exhausted her remedies.

V.

Statement of Facts

6. Mrs. Heinsohn worked for Defendant, Carabin & Shaw, from April, 2011 until Oct. 19, 2012. She was employed as a legal assistant. She generally received positive reviews of her work. In 2012, the Plaintiff became pregnant. Even though she did not express concern about her job, Human Resources (Tracy Leonard) told her she would not lose her job due to pregnancy. Ms. Leonard assured the Plaintiff that her pregnancy would not be a problem.

7. But, her immediate supervisor, George Escobedo did indicate that her pregnancy might be a problem. He said that whether she could return to work after her pregnancy would not be his decision. He indicated that the firm, Carabin & Shaw, would make that decision.

8. The head of Ms. Heinsohn's department, the worker's compensation department, Maria Carbajal, also said that whether the Plaintiff could return to work after her pregnancy would be up to the firm, Carabin & Shaw. The Defendant represented to Plaintiff that she did not qualify for Family Medical Leave Act (FMLA) leave. This representation was based on the employer's claim that Carabin & Shaw, P.C. did not have the requisite number of employees under the FMLA. So, the employer did not allow Mrs. Heinsohn to request FMLA leave. But, Carabin & Shaw does indeed have sufficient employees to qualify for FMLA coverage.

9. Mrs. Heinsohn left her job on Oct. 5, 2012 for her maternity leave. Her co-workers gave her a baby shower on her last day. But, in November, while out on maternity leave, the firm told her she had been terminated. The effective date was Oct. 19, 2012, one week after she gave birth to her daughter.

10. The Plaintiff received no written warnings regarding her job performance. She received raises and bonuses during her employment.

VI.

Causes of Action

**Discrimination**

11. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through V as if fully stated herein.

12. Plaintiff was subjected to discrimination based on her gender in her employment such that it altered the terms and conditions of her employment relationship with the Defendant and caused all of the above described harm to her. Defendant's actions violated the Texas Commission on Human Rights Act, Tex.L.C. §21.001, *et seq*. Defendant terminated Plaintiff due to her pregnancy while she was still on leave for her pregnancy.

VII.

**Family Medical Leave Act**

13. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through VI as if fully stated herein.

14. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*. Defendants are an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

15. During the time that Plaintiff was employed by Defendants, in 2011 and 2012, she was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

16. While Plaintiff was employed by Defendant, she had a health condition that would be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11). She took medical leave for her pregnancy. Mrs. Heinsohn gave birth to her daughter in October, 2012.

17. Plaintiff was entitled to medical leave for her serious health condition as provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)). Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)),

Defendant terminated Plaintiff's employment for taking this medical leave to care for herself.

18. Defendants terminated Plaintiff's employment for the time she was compelled to take off work to care for her serious health condition, which violates the protections of the FMLA as outlined in 29 U.S.C. § 2615(a).

19. As a result of Defendants' violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

20. As a result of this willful violation of the FMLA, Plaintiff requests that she be awarded all damages, to which she is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which she is entitled.

## VIII.

## Damages

21. In accordance with Tex.R.Civ.Pro. Rule 47(c), as amended, Plaintiff seeks total damages in excess of $100,000 and less than $500,000.

## VIII.

## Jury

22. Plaintiff requests a jury trial on all issues triable by a jury.

WHEREFORE, Plaintiff prays for:

(a) reinstatement;

(b) backpay;

(c) loss of fringe benefits;

(d) loss of future earnings and benefits;

(e) compensatory damages;

(f) punitive damages;

(g) Liquidated damages;

(h) injunctive relief;

(i) attorney's fees, litigation expenses and costs; and

(j) such further relief, at law and in equity, as this Court may deem just and proper.

Respectfully submitted,

Thomas J. Crane
T.S.B. No. 05007320

LAW OFFICE OF THOMAS J. CRANE
750 E. Mulberry, Suite 303
San Antonio, Texas 78212
(210) 736-1110
(210) 745-4258 Fax
tom@cranelawyer.net

Attorney for Plaintiff