```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION
```

| | |
|---|---|
| CYNTHIA HEINSOHN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    CIV. NO. SA-14-CA-094-FB |
| | * |
| CARABIN & SHAW, P.C. and THOMAS | * |
| J. SMITH, | * |
| | * |
| Defendant. | * |

## ORDER

Before the Court is plaintiff, Cynthia Heinsohn's Motion to Quash (docket nos. 20 and 25), and Motion to Compel (docket no. 22). Defendant, Carabin & Shaw, P.C., has responded to the Motion to Quash (docket no. 23). On October 24, 2014, plaintiff filed an advisory stating that she wished to withdraw her motion to compel. Additionally, defendant and plaintiff filed sur-replies without leave of Court.[1] (Docket nos. 26, 27). Upon consideration, plaintiff's motion to quash is **GRANTED** (docket no. 20), plaintiff's Motion to Compel is **DENIED AS MOOT** (docket no. 22), and defendant's sur-reply (docket no. 26) and plaintiff's sur-reply (docket no. 27) are **STRICKEN.**

## BACKGROUND

Cynthia Heinsohn worked as a legal assistant for Carabin & Shaw from April 2011 until October 19, 2012. In 2012, Heinsohn became pregnant and on October 5, 2012, she took maternity leave.

---

[1] *See* LOCAL COURT RULES CV-7(f)(1).

In November, while still on maternity leave, Heinsohn was advised by the firm that she had been terminated effective October 19, 2012. Heinsohn maintains that she never received written warnings regarding her job performance and that she received bonuses and raises during her employment.

In December of 2013, Heinsohn sued Carabin & Shaw pursuant to the Texas Commission on Human Rights Act, Tex.Lab.Code §21.001, et seq., for gender discrimination, and for violations of the Family Medical Leave Act ("FMLA"). The case was initially filed in state court and was subsequently removed to federal court. In October of 2014, defendant sought to take the Deposition by Written Questions of plaintiff's current employer, Morgan Stanley Smith Barney, LLC, and on October 8, 2014, plaintiff filed a Motion to Quash which the Court now considers. (Docket no. 20).

## DISCUSSION

Plaintiff moves to quash defendant's Notice to Take Deposition by Written Questions of plaintiff's current employer, Morgan Stanley Smith Barney, LLC, by which defendant seeks plaintiff's current payroll and employment information. In particular, defendant seeks all employment and personnel records, and all records related to employee benefits with respect to plaintiff Heinshohn. Plaintiff states that she is currently the sole breadwinner for her family and that she fears that sending this notice to her current employer will jeopardize her job by placing

2

her current employer, who is unaware of this pending suit, on notice that she has sued her previous employer.  Plaintiff further states that she has agreed to produce her W-2's to defendant and that defendant can obtain the remaining information by other means.

Generally "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...." **FED.R.CIV.P. 26(b)(1)**.  "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." ***Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.***, 218 F.R.D. 125, 132 (E.D.Tx. 2003).  Upon motion, a court shall issue a protective order with regard to a request for relevant discovery only upon the movant's showing of "good cause" and which "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". **FED.R.CIV.P. 26(c);** ***United States v. Garrett***, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).  A showing of "good cause" requires only that a sound basis or legitimate need to take judicial action exists. ***Landry v. Airline Pilots Ass'n Int'l, AFL-CIO***, 901 F.2d 404, 435-436 (5th Cir. 1990).

Here, plaintiff maintains that good cause exists to quash the notice due to her privacy interests in this information.  It is well settled that individuals have "a legitimate privacy interest

in information regarding [their] subsequent employment". *E.E.O.C. v. Princeton Healthcare Sys.*, No. 10-4126, 2012 WL 1623870, *11 (D.N.J. May 9, 2012)(*citing* *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66-69 (E.D.N.Y.2010)). Further, "courts ... have recognized that because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort". *Warnke*, 265 F.R.D. at 69; *Mirkin v. Winston Resources, LLC*, No. 07 Civ.02734(JGK)(DF), 2008 WL 4861840, *1 (S.D.N.Y. November 10, 2008); *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791HBDFE, 2003 WL 115221, *1 (S.D.N.Y. January 10, 2003). Consequently, subpoenas for a plaintiff's current employment records are disfavored where a less intrusive method of discovery is available. *See Richardson v. BBB Group, Inc.*, No. 3:14-cv-1014-M, 2014 WL 1724761, *1 (N.D. Tex. April 30, 2014)(*citing* *Herrera v. Easygates, LLC*, No. 11-CV-2558-EFM-GLR, 2012 WL 5289663, at *2-3 (D.Kan. Oct.23, 2012)(noting that subpoena issued by former employer to plaintiff's current employer is "by its nature subject to abuse" and holding that former employer was not entitled to receive discovery directly from current employer if plaintiff had agreed to provide all relevant information himself); *Warnke*, 265 F.R.D. at 69-70(recognizing potential harm of disclosing plaintiff's dispute with past employer to current employer and

4

holding that subpoenas to current employer should be used only as a "last resort"); **Graham v. Casey's Gen. Stores**, 206 F.R.D. 251, 255 (S.D.Ind.2002)(former employer not entitled to subpoena plaintiff's employment records from current employer where less intrusive method of discovery was available)).  In some instances, courts have required a defendant to "present independent evidence that provides a reasonable basis for it to believe that [a plaintiff] has filed complaints, grievances, lawsuits, or charges" relating to other employers.  **Princeton Healthcare Sys.**, 2012 WL 1623870, at *22 (*citing* **Graham**, 206 F.R.D. at 256).

In the present case, plaintiff has sued defendant for terminating her following her pregnancy and for violations of the FMLA.  Plaintiff seeks to quash defendant's motion to subpoena her current employer for "any and all employment and personnel records," and "any and all payroll records, including but not limited to any type of documents reflecting wages earned; tax records (e.g., W-2 forms and 1099 forms); time sheets and/or absenteeism records; printouts of any type of data stored in electronic format, including email transmissions; and any other payroll records that are contained in the employee's file from hire date to the present and/or termination date."  Additionally, the subpoena provides that "personnel records," include but are not limited to the following:

>employment applications and employment interviews; records pertaining to performance evaluations and/or employee reviews; reprimand/commendation notices of any type; disciplinary actions; documents related to the beginning of and termination of employment; records concerning job assignments and/or job descriptions; records related to internal and/or external investigations; claims records; any interoffice correspondence and/or notes; absenteeism records and/or time cards; printouts of any type of data stored in electronic format, including email transmissions; and any other employment/personnel records that are contained in the employee's file.

Defendant also stipulated that records pertaining to employee benefits included but were not limited to "any type of records related to any health and benefits plan(s); any type of claim history documentation; any type of correspondence, memoranda and/or notes; any type of report(s); and printouts of any type of data stored in electronic format, including email transmissions."

Defendant contends that plaintiff's current employment records are relevant to significant issues in this case including plaintiff's earnings, plaintiff's performance issues at Morgan Stanley, or "any similar allegations of discrimination" by plaintiff at Morgan Stanley.  Defendant also maintains that "numerous courts have recognized the potential relevance of records of employment in suits alleging unlawful employment practices" but cites to no authority to support this proposition, relying mainly on its argument that plaintiff failed to make a specific showing as to proper grounds for justifying entry of a protective order.

6

However, plaintiff's motion to quash appears to be based on a legitimate fear regarding the impact of the potential interference with plaintiff's current employment, which arguably amounts to "extraordinary circumstances" to quash a deposition in its entirely. *Salter*, 593 F.2d at 651. Defendant has not provided any information to demonstrate that the benefit of obtaining such records outweighs the burden of the potential negative effect on plaintiff's present employment, nor has defendant attempted to obtain this information through other less intrusive means. Furthermore, defendant does not provide any evidence demonstrating that plaintiff has filed a similar complaint against her present employer. And although defendant argues that the payroll records are necessary to determine plaintiff's earnings, plaintiff has agreed to provide all her earning information from her current employer, including her tax returns. Finally, defendant has listed three of plaintiff's former employers as individuals with discoverable information in its Designation of Potential Witnesses, Testifying Experts and Proposed Exhibits. (Docket no. 19). If plaintiff has a history of filing claims or poor work performance, plaintiff's previous employers would likely be a better source of information than her current employer. Accordingly, Plaintiff's request to quash the subpoena to her current employer is **GRANTED**.

Until defendant can articulate reasonable cause to believe the information sought will lead to relevant evidence and further,

demonstrate that the benefit of obtaining such records outweighs the burden of the potential negative effect on plaintiff's present employment, defendant may not seek discovery from plaintiff's current employer.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to quash is **GRANTED** (docket no. 20), plaintiff's Motion to Compel is **DENIED AS MOOT** (docket no. 22), and defendant's sur-reply (docket no. 26) and plaintiff's sur-reply (docket no. 27) are **STRICKEN.**

It is so **ORDERED.**

**SIGNED** November 10, 2014.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE