UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA HEINSOHN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-CV-00094-FB |
| | § | JURY TRIAL |
| CARABIN & SHAW, P.C., | § | |
| Defendant. | § | |

### DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE FILED IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Carabin & Shaw, P.C., Defendant in the above-entitled and numbered cause, and filing its Objections and Motion to Strike Plaintiff's Evidence in Response to Defendant's Motion for Summary Judgment (Docs. 36 and 34-1 thru 34-10), and in support thereof would respectfully show unto the Court the following.

### INTRODUCTION

Plaintiff is Cynthia Heinsohn, and Defendant is Carabin & Shaw, P.C. Plaintiff sued Defendant for alleged discrimination based on her pregnancy under Chapter 21 of the Texas Labor Code and the Family Medical Leave Act. ("FMLA") Plaintiff has withdrawn her FMLA claim. (*See* Docs. 36 and 34-1)

On December 24, 2014, Plaintiff filed a Response to Defendant's Motion for Summary Judgment and attached summary-judgment evidence. (*See* Docs. 36 and 34-1 thru 34-10) Defendant asks the Court to strike the objectionable summary-judgment evidence that was submitted in support of Plaintiff's motion for summary judgment, as further discussed below.

### ARGUMENT

A court can strike summary-judgment evidence when the evidence is inadmissible,

1

speculative, conclusory, improperly authenticated, or otherwise incompetent. *See Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1972); *Newport Elecs., Inc. v. Newport Corp.*, 157 F Supp. 2d 202, 208 (D. Conn. 2001).

1. The Court should strike Exhibit 9, C. Heinsohn Affidavit, attached to Plaintiff's Reply to Defendant's Motion for Summary Judgment because it is not based on personal knowledge. (Doc. 34-10) A court can strike an affidavit if it is not based on personal knowledge, it sets out facts that would not be admissible in evidence, or if it does not show that the affiant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4). The Court should strike any portions of an affidavit that do not meet standards of Rule 56 of the Federal Rule of Civil Procedure. *Akin v. Q-L Invs., Inc.*, 959 F2d 521, 530-531 (5th Cir. 1992). Here, Ms. Heinsohn does not attest that she has the requisite personal knowledge to testify to the matters set forth in her affidavit. Therefore, the Court should strike her entire affidavit. *See* FED. R. CIV. P. 56; *Argo v. Blue Cross & Blue Shield of Kan.*, 452 F.3d 1193, 1199-1200 (10th Cir. 2006).

2. To the extent the Court denies Defendant's Motion to Strike the Affidavit of Cynthia Heinsohn in its entirety, the Court should strike the portion of the Affidavit of Cynthia Heinsohn wherein it states, "Carabin and Shaw fired me when my maternity leave took too long." (*See* Doc. 34-10 at 2/9, ¶2) Ms. Heinsohn's statement is not based on personal knowledge and is mere speculation unsupported by evidence. *See* FED. R. CIV. P. 56(c)(4). Also, Ms. Heinsohn's statement contains *new allegations* which have not been otherwise provided in discovery pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, and therefore it sets out facts that would not be admissible in evidence. FED. R. CIV. P. 56(c)(2). Therefore, for all the reasons above, the Court should strike this portion of Ms. Heinsohn's affidavit.

3. Further, the Court should strike the portion of the Affidavit of Cynthia Heinsohn beginning where she states, "But, there were other employees who took a long time away from work for reasons not related to being pregnant…." (Doc 34-10 at 2/9, ¶2) Ms. Heinsohn's statements are speculative and conclusory. *See Cooper-Schut,* 361 F.3d at 429; *Clark v. America's Favorite Chicken Co*., 110 F.3d 295, 297 (5th Cir. 1997); *Evans*, 80 F.3d at 962. Additionally, these self-serving statements are not supported in the record. FED. R. CIV. P. 56(c)(1); *see Argenyi v. Creighton, Univ*., 703 F.3d 441, 446 (8th Cir. 2013). Therefore, for all the reasons above, the Court should strike this portion of Ms. Heinsohn's affidavit.

4. Defendant objects to the offer of Heinsohn's deposition testimony as fact (Docs. 36 at 3/24, ¶7; 34-1 at 4/25, ¶7) wherein she states "It was a running joke at Carabin and Shaw that employees who became pregnant would be fired." Such testimony is conclusory, self-serving, and not supported in the record and therefore is not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2); *see Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003); *see also Cadle Co. v. Hayes*, 116 F3d 957, 961 (1st Cir. 1997). Furthermore, such evidence is hearsay testimony and inadmissible. *Johnson v. Weld Cty*., 594 F.3d 1202, 1210 (10th Cir.2010).

5. Defendant objects to the offer of Heinsohn's deposition testimony as fact (Docs. 36 at 4/24, ¶10; 34-1 at 5/25, ¶10) regarding Defendant wanting a guaranteed return date. Such testimony is not supported by the record or admissible evidence and therefore is not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2).

6. Defendant objects to the assertion as fact that "Mrs. Rendon was not pregnant in 2012" (Docs. 36 at 5/24, ¶14; 34-1 at 6/25, ¶14) and a similar assertions made later in the Response. (Docs. 36 at 7/24 and 24/25 (Conclusion); 34-1 at 8/25 and at 23/25 (Conclusion)) Such assertions are not supported by the record or admissible evidence and therefore are not

proper summary judgment evidence. FED. R. CIV. P. 56(c)(2).

7.     Defendant objects to the assertion as fact that Plaintiff was terminated after Defendant realized her maternity leave would be prolonged. (Docs. 36 at 18/24; 34-1 at 19/25) Such assertions are not supported by the record or admissible evidence and therefore are not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2).  Also, these are *new allegations* which have not been otherwise provided in discovery pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, and therefore it sets out facts that would not be admissible in evidence. FED. R. CIV. P. 56(c)(2).

8.     Defendant objects to the offer of Heinsohn's deposition testimony as fact (Docs. 36 at 20/24; 34-1 at 21/25) regarding matters pertaining to non-party witnesses, Chrissy and Mary Peck.  Such testimony is conclusory, self-serving, and not supported in the record and therefore is not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2); *see Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003); *see also Cadle Co. v. Hayes*, 116 F3d 957, 961 (1st Cir. 1997).  Furthermore, such evidence is hearsay testimony and inadmissible. *Johnson v. Weld Cty.*, 594 F.3d 1202, 1210 (10th Cir.2010).

## CONCLUSION

Wherefore, premises considered, Defendant respectfully requests this Court sustain all or some the objections, strike Heinsohn's affidavit as it is not proper summary judgment evidence, and Defendant further prays that the Court strike Plaintiff's objectionable summary-judgment evidence. Defendant further prays for all relief to which it is entitled to either at law or in equity.

        Respectfully submitted,

        BRIN & BRIN, P.C.
        6223 IH 10 West
        San Antonio, TX  78201
        (210) 341-9711
        (210) 341-01854 – FAX
        Email: jnieto@brinandbrin.com
        Email: asenyszyn@brinandbrin.com

BY:   /s/ Joshua H. Nieto
       Joshua H. Nieto
       State Bar No. 24041597
       Adrian P. Senyszyn
       State Bar No. 2406585
       **ATTORNEYS FOR DEFENDANT,**
       **CARABIN & SHAW, P.C.**

## CERTIFICATE OF SERVICE

    I hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing instrument in accordance with the Electronic Case Filing System of the Western District of Texas (ECF), and that a true and correct copy of the foregoing instrument has been sent via the ECF system to the following parties this the 31st day of December, 2014.

Thomas J. Crane                       *via ECF*
110 Broadway, Suite 420
San Antonio, Texas 78205
*Attorney for Plaintiff*

        /s/ Joshua H. Nieto
        JOSHUA H. NIETO