UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA HEINSOHN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-CV-00094-FB |
| | § | JURY TRIAL |
| CARABIN & SHAW, P.C., | § | |
|     Defendant. | § | |

**DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S EVIDENCE FILED IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT <u>REGARDING LIABILITY</u>**

COMES NOW Carabin & Shaw, P.C., Defendant in the above-entitled and numbered cause, and filing its Objections and Motion to Strike Plaintiff's Evidence Filed in Plaintiff's Motion for Summary Judgment Regarding Liability (Docs. 33 and 33-1 thru 33-10), and in support thereof would respectfully show unto the Court the following.

**INTRODUCTION**

Plaintiff is Cynthia Heinsohn, and Defendant is Carabin & Shaw, P.C. Plaintiff sued Defendant for alleged discrimination based on her pregnancy under Chapter 21 of the Texas Labor Code and the Family Medical Leave Act. ("FMLA") Plaintiff has withdrawn her FMLA claim. (*See* Docs. 36 and 34-1)

On December 16, 2014, Plaintiff filed a Plaintiffs' Motion for Summary Judgment Regarding Liability and attached summary-judgment evidence. (*See* Docs. 32 and 32-1 thru 32-10) On December 22, 2014, Plaintiff filed a corrected Motion for Summary Judgment Regarding Liability and attached summary-judgment evidence. (*See* Docs. 33 and 33-1 thru 33-10) Defendant asks the Court to strike the objectionable summary-judgment evidence that was submitted in support of Plaintiff's motion for summary judgment, as further discussed

below.

## ARGUMENT

A court can strike summary-judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. *See Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1972); *Newport Elecs., Inc. v. Newport Corp.*, 157 F Supp. 2d 202, 208 (D. Conn. 2001).

1.  Defendant objects to the offer of Heinsohn's deposition testimony as fact (Doc. 33 at 3/16, ¶2) wherein she states "It was a running joke at Carabin and Shaw that employees who became pregnant would be fired."  Such testimony is conclusory, self-serving, and not supported in the record and therefore is not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2); *see Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003); *see also Cadle Co. v. Hayes*, 116 F3d 957, 961 (1st Cir. 1997).  Furthermore, such evidence is hearsay testimony and inadmissible. *Johnson v. Weld Cty.*, 594 F.3d 1202, 1210 (10th Cir.2010).

2.  Defendant objects to the offer of Heinsohn's deposition testimony as fact (Doc. 33 at 3/16, ¶5) regarding Defendant wanting a guaranteed return date.  Such testimony is not supported by the record or admissible evidence and therefore is not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2).

3.  Defendant objects to the assertion as fact that "Mrs. Rendon was not pregnant in 2012" (Doc. 33 at 4/16, ¶8) and a similar assertions made later in the Response.  (Doc. 33 at 5/16, and 14/16 (Conclusion) Such assertions are not supported by the record or admissible evidence and therefore are not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2).

4.  Defendant objects to the assertion as fact that Plaintiff was terminated after

Defendant realized her maternity leave would be prolonged. (Doc. 33 at 13/16) Such assertions are not supported by the record or admissible evidence and therefore are not proper summary judgment evidence. FED. R. CIV. P. 56(c)(2). Additionally, these are *new unsupported allegations* which have not been otherwise provided in discovery pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, and therefore it sets out facts that would not be admissible in evidence. FED. R. CIV. P. 56(c)(2).

### C. CONCLUSION

Wherefore, premises considered, Defendant respectfully requests this Court sustain all objections and strike Plaintiff's objectionable summary-judgment evidence. Defendant further prays for all relief to which it is entitled to either at law or in equity.

Respectfully submitted,

BRIN & BRIN, P.C.
6223 IH 10 West
San Antonio, TX  78201
(210) 341-9711
(210) 341-01854 – FAX
Email: jnieto@brinandbrin.com
Email: asenyszyn@brinandbrin.com

BY:   /s/ Joshua H. Nieto
Joshua H. Nieto
State Bar No. 24041597
Adrian P. Senyszyn
State Bar No. 2406585
**ATTORNEYS FOR DEFENDANT,**
**CARABIN & SHAW, P.C.**

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing instrument in accordance with the Electronic Case Filing System of the Western District of Texas (ECF), and that a true and correct copy of the foregoing instrument has been sent via the ECF system to the following parties this the 31st day of December, 2014.

| | |
|---|---|
| Thomas J. Crane | *via ECF* |
| 110 Broadway, Suite 420 | |
| San Antonio, Texas 78205 | |
| ***Attorney for Plaintiff*** | |

      /s/ Joshua H. Nieto
      JOSHUA H. NIETO